**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Alex FLORES, Defendant–Appellant.**

No. 07–50345.

United States Court of Appeals,
Ninth Circuit.

Submitted July 16, 2008 *.

Filed July 29, 2008.

Michael J. Raphael, Esq., Charles J. Kovats, Jr., Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Gia Kim, Esq., FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: SILVERMAN, RAWLINSON, and M. SMITH, Circuit Judges.

MEMORANDUM **

Defendant–Appellant Alex Flores appeals from a conditional guilty plea to unauthorized possession of stolen mail in violation of 18 U.S.C. § 1708, unauthorized access device fraud in violation of 18 U.S.C. § 1029(a)(3), and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). Because the parties are familiar with the facts, we do not recount them here, except as is necessary to explain our decision. A district court's denial of a motion to suppress is reviewed *de novo. United States v. Howard,* 447 F.3d 1257, 1262 n. 4 (9th Cir.2006). We affirm.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## I.

■ Flores contends that the police did not establish probable cause to believe that he lived at the residence that was searched. We disagree. Prior to conducting a search of a parolee's residence, law enforcement officers must have probable cause to believe that the parolee is a resident of the location to be searched. *Motley v. Parks*, 432 F.3d 1072, 1080 (9th Cir.2005) (en banc); *see also Cuevas v. De Roco*, 531 F.3d 726, 731–32 (9th Cir.2008). The probable cause requirement is met when the "totality of the circumstances" would lead a man of "reasonable caution" to believe that the parolee lives at the residence in question. *Illinois v. Gates*, 462 U.S. 213, 230–31, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Howard*, 447 F.3d at 1262. The police's cumulative observations and investigations established probable cause to believe that Flores lived at the Lerma Road residence. Even though Flores had legally "absconded," this did not necessarily mean that he had actually ceased to reside at the Lerma Road residence. Flores' contention that the police should have asked him or someone else present whether Flores still lived at the Lerma Road residence is without merit. *See Motley*, 432 F.3d at 1082 (explaining that statements made by an interested source seeking to prevent arrest by the police are of little value to the probable cause inquiry). The district court did not err in determining that the police had established probable cause to believe that Flores resided at the Lerma Road residence.

## II.

■ Flores contends that the search was not "reasonable" under the Fourth Amendment because it was not conducted pursuant to the terms of parole that were presented to him. We disagree. A parole search is "reasonable" if, under the totality of the circumstances, the governmental interest at stake outweigh the privacy concerns of the individual. *Samson v. California*, 547 U.S. 843, 849–50, 126 S.Ct. 2193, 165 L.Ed.2d 250 (2006). The terms of an individual's parole are only one "salient circumstance" among the totality of circumstances. *Id.* at 848, 126 S.Ct. 2193; *United States v. Knights*, 534 U.S. 112, 118, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001). In *United States v. Lopez*, 474 F.3d 1208, 1212–13 (9th Cir.2007), we upheld the suspicionless search of the residence of a parolee whose terms of parole were identical to those presented to Flores. Moreover, the California statute governing the rights of parolees subjects *all* parolees to suspicionless searches, and it does not suggest that consent or awareness is a necessary requirement. Cal.Penal Code § 3067(a), (b). Even if Flores was not aware of the possibility that he could be subjected to suspicionless searches, he had a "severely diminished expectation of privacy" by virtue of his status as a parolee alone. *Samson*, 547 U.S. at 852, 126 S.Ct. 2193. The district court did not err in concluding that, in the totality of the circumstances, the governmental interests outweighed Flores' expectation of privacy.

Flores asserts that the California Supreme Court's decision in *People v. Sanders*, 31 Cal.4th 318, 2 Cal.Rptr.3d 630, 73 P.3d 496 (2003), held that a parole search is unconstitutional if it does not follow the terms of his parole. However, *Sanders* held only that the *post hoc* discovery of an individual's parole condition does not purge a suspicionless search of its initial illegality. *Id.* 2 Cal.Rptr.3d 630, 73 P.3d at 504. *Sanders* thus does not control in Flores' case.

Flores contends the district court erred in holding that *Samson* controlled in his case because *Samson* did not address the

search of a residence. We disagree. We held in *Lopez*, 474 F.3d at 1214, that a suspicionless search of a parolee's residence is constitutional.

AFFIRMED.